**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
2016 MSPB 5

Docket No. AT-0752-14-0058-I-2

**Lisa J. Hess,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

January 21, 2016

Thomas J. Connick, Esquire, Beachwood, Ohio, for the appellant.

Jason L. Hardy, Esquire, and Margaret L. Baskette, Esquire, Tampa, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as moot without holding the requested hearing. For the reasons that follow, we GRANT the appellant's petition for review. We AFFIRM the initial decision insofar as it found that the appellant's appeal of her removal and her whistleblower reprisal affirmative defense were both moot. However, we VACATE the initial decision insofar as it dismissed the appellant's equal employment opportunity (EEO) affirmative defenses without a hearing, and we REMAND the appeal to the administrative judge for further adjudication of those defenses, including a hearing.

## BACKGROUND

¶2    The appellant served as a supervisory employee with the agency in Tampa, Florida.  Initial Appeal File (IAF), Tab 5 at 65-68.  Prior to her removal, the appellant was in an absence without leave (AWOL) status.  *Id.* at 65-88.  The agency removed the appellant on an attendance-related charge of misconduct effective September 27, 2013.  *Id*. at 65-68.  The appellant filed an appeal of her removal and raised several EEO discrimination affirmative defenses, as well as a claim of whistleblower reprisal.  IAF, Tab 1.  After the appellant filed her initial appeal, the agency rescinded both the notice of proposed removal and the decision letter effecting her removal, and it removed all references to these actions from her personnel file.  IAF, Tab 26 at 35-36.

¶3    The administrative judge issued an order to show cause, along with several affirmative defense orders, directing the appellant to demonstrate why her removal appeal should not be dismissed as moot.  Refiled Appeal File (RAF), Tabs 3, 16.  After receiving and considering the parties' submissions, the administrative judge found that the agency's removal action had been completely rescinded, that the appellant had been returned to the status quo ante, and that the removal action was thus moot.  RAF, Tab 23, Initial Decision (ID) at 2-4.  The administrative judge further found that the appellant had failed to present a genuine issue of material fact for a hearing on any of her EEO discrimination affirmative defenses,[1] and he dismissed each of those claims without a hearing.  ID at 6-19.  Finally, the administrative judge found that, although the appellant was eligible to assert a whistleblower reprisal affirmative defense, she was not entitled to seek an award of damages under 5 U.S.C. § 1221 as an employee of the Postal Service, and he dismissed her whistleblower reprisal claim as moot.  ID at 19.

---

[1]  The administrative judge determined that the appellant raised EEO affirmative defenses of sex and disability discrimination, as well as EEO reprisal.  ID at 5.

¶4      The appellant has filed a petition for review arguing that she has not been returned to the status quo ante and that the administrative judge erred in dismissing her affirmative defenses without a hearing. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5.

## ANALYSIS

<u>The administrative judge properly dismissed the appellant's appeal of her removal and her whistleblower reprisal affirmative defense as moot.</u>

¶5      The Board may dismiss an appeal as moot if the appealable action is cancelled or rescinded by the agency. *See Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶ 5 (2004). For an appeal to be deemed moot, the agency's rescission of the appealed action must be complete, and the employee must be returned to the status quo ante. *Id.* Status quo ante relief generally requires that the appellant be placed back in her former position or in one substantially equivalent in scope and status to her former position. *Id.*, ¶ 6. Status quo ante relief also requires that the agency remove all references to the rescinded action and restore to the appellant any lost back pay or benefits. *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 46 (2009); *Harris*, 96 M.S.P.R. 193, ¶ 6.

¶6      We have reviewed the record below and agree with the administrative judge that the agency rescinded the appellant's September 2013 removal and restored her to the status quo ante, thus rendering the agency's removal action moot. ID at 3. The agency presented evidence that it rescinded both the proposal notice and the letter of decision effecting the appellant's removal and that it processed a Postal Service Form 50 returning the appellant to a nonpay status with the agency prior to the effective date of her removal. IAF, Tab 26 at 35-36, 56. The agency's actions have placed the appellant in the same position she was in prior to her removal, and they have rendered the appealable action moot for purposes of reviewing that action under chapter 75. *See Harris*, 96 M.S.P.R. 193, ¶¶ 5-6.

¶7      We disagree with the appellant insofar as she argues that she has not been returned to the status quo ante because the agency placed her in a nonpay status upon rescinding her removal. PFR File, Tab 1 at 12. The appellant concedes that she was in an AWOL status during the period of time preceding her removal. *Id*. at 8-9. The Board has found that it generally is inappropriate to direct an agency to change an employee's AWOL status or leave status prior to an appealable action because this status is not, in itself, appealable to the Board. *See Maki v. U.S. Postal Service*, 41 M.S.P.R. 449, 457 (1989). The Board does not have before it the circumstances of the appellant's AWOL prior to the effective date of her removal.[2] To require the cancellation of the appellant's preremoval AWOL status thus would violate the status quo ante principle because it would place the appellant in a more advantageous position than she was in prior to her removal. *Id*. We therefore find that the agency properly returned the appellant to the status quo ante by rescinding all references to her removal and placing her in a nonpay status.

¶8      We also find that the administrative judge properly dismissed the appellant's affirmative defense of whistleblower reprisal as moot. ID at 19. A claim of whistleblower reprisal generally is not rendered moot by an agency rescinding the challenged action because of the appellant's entitlement to seek damages and attorney fees. *See, e.g.*, *Vick v. Department of Transportation*, 118 M.S.P.R. 68, ¶ 5 (2012); *Perry v. Department of Veterans Affairs*, 81 M.S.P.R. 298, ¶ 10 (1999). Here, however, as an employee of the Postal Service, the appellant is not entitled to an award of attorney fees or damages for alleged whistleblower reprisal under 5 U.S.C. § 1221. *See Mack v. U.S. Postal Service*, 48 M.S.P.R. 617, 621 (1991) (finding that Postal Service employees

---

[2] The appellant appears to have absented herself from employment, and this case does not present whether she was subjected to a period of enforced leave prior to her removal. *See Maki*, 41 M.S.P.R. at 457-58.

are not entitled to seek "corrective action" under 5 U.S.C. § 1221). Thus, although the appellant can assert an affirmative defense of whistleblower reprisal in connection with an appealable action before the Board, here, where that action has been rescinded, there is no additional relief the Board could order in connection with her claim of whistleblower reprisal should she prevail on the merits of that claim. *See id.* We accordingly find that the administrative judge properly dismissed this affirmative defense as moot without a hearing. ID at 19.

The appellant is entitled to a hearing on her EEO affirmative defenses.

¶9        In his initial decision, the administrative judge also dismissed the appellant's EEO affirmative defenses without a hearing, finding that she failed to present a genuine issue of material fact for hearing on any of her claims. ID at 6-19. In reaching this conclusion, the administrative judge relied upon *Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶¶ 5, 13 (2006), and found that an appellant does not have an unconditional right to a hearing on her discrimination claims where the underlying appealable action is no longer in effect. ID at 5-6. Although the administrative judge properly relied upon *Redd* at the time of his initial decision, the Board has since overruled *Redd* and its progeny in part, and has found that the Board's procedures for deciding discrimination claims are a matter of civil service law rather than discrimination law. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 45-46 & n.10 (2015). In *Savage*, the Board explained that its appellate procedures do not provide a mechanism for granting summary judgment. *Id.*, ¶ 46. Thus, if an appellant states a cognizable claim of statutorily prohibited discrimination in connection with an otherwise appealable action, then it must decide those discrimination claims only after the record is complete, in accordance with its appellate procedures as defined in title 5. *See* 5 U.S.C. §§ 7701(a), 7702(a)(1); *Savage*, 122 M.S.P.R. 612, ¶¶ 45-46; *Browder v. Department of the Navy*, 81 M.S.P.R. 71, ¶¶ 7-8 (1999), *aff'd*, 250 F.3d 763 (Fed. Cir. 2000) (Table).

¶10     Accordingly, pursuant to our decision in *Savage*, and because we find that the appellant has raised a cognizable claim of discrimination, we find that she has a right to a hearing on her affirmative defenses of discrimination based on sex and disability, and EEO reprisal. *See Savage*, 122 M.S.P.R. 612, ¶ 46. We vacate the initial decision insofar as it resolved the appellant's EEO affirmative defenses without a hearing, and we remand those claims to the administrative judge for a hearing consistent with the standards set forth in *Savage*. *Id*., ¶¶ 46, 48-51.

## ORDER

¶11     For the reasons discussed above, we remand this case to the regional office for further adjudication.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.